ALD-268                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2020
_____

JOHNNIE MICKELL,
                                        Appellant

v.

LYCOMING COUNTY CENTRAL COLLECTIONS OFFICE
AND ADMINISTRATION

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-20-cv-00268)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2020
Before:  MCKEE, SHWARTZ, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 16, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Johnnie Mickell appeals pro se from the dismissal of his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]  Because the appeal presents no substantial question, we will summarily affirm the District Court's judgment.

Mickell brought this civil rights suit pursuant to 42 U.S.C. § 1983 against the Lycoming County Central Collections and Administration (LCCCA) seeking $30 million in damages for, inter alia, violations of his constitutional rights.[2]  Attached to the complaint were letters from the Lycoming County Court of Common Pleas advising Mickell that he had an unpaid and overdue balance of court ordered-costs and fees stemming from three criminal cases, and directing him to remit payment to the County of Lycoming Central Collection Office.  The complaint alleged that LCCCA "falsified" these documents to "mislead public servants to believe" that Mickell owes more than $30,000 in criminal court costs or fines.  The District Court dismissed the complaint after determining that the claims were barred by Eleventh Amendment immunity.  This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise de novo review over dismissals under § 1915(e)(2)(B)(i), see Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), and over legal determinations regarding immunity, see Dotzel v. Ashbridge, 438 F.3d 320, 324-25 (3d Cir. 2006).  A complaint is frivolous where it relies on an "indisputably meritless legal theory," such as where the defendants are "immune from

_____

[1] Mickell was granted in forma pauperis (IFP) status pursuant to 28 U.S.C. § 1915.

[2] Mickell also alleged state law claims for, among others, fraud and emotional distress.

suit." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  We agree with the District Court that the complaint does not survive screening under § 1915(e)(2)(B)(i), albeit for reasons different from those set forth by the District Court.[3]

The District Court concluded that Mickell's constitutional claims against  LCCCA were barred by the Eleventh Amendment, which protects a state or state agency from suit, unless Congress has specifically abrogated the state's immunity or the state has waived its own immunity.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981).  The District Court determined that (1) pursuant to 42 Pa. C.S.A. § 9728(a), Pennsylvania's Courts of Common Pleas are authorized to operate collection enforcement units for the collection of court-ordered fees, and (2) LCCCA, as Lycoming County's collection enforcement unit, is acting as an "arm of the state."  See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 238-41 (3d Cir. 2005) (holding that all components of unified state judicial system are entitled to Eleventh Amendment immunity); see Will v. Mich. Dep't of State Police, 491 U.S. 58, 69–70 (1989) (holding that States or governmental entities considered "arms of the State" are not considered "persons" under § 1983).  However, the Commonwealth of Pennsylvania authorizes counties, not courts, to operate collection enforcement units. See 42 Pa. C.S.A.§ 9728(a); see also Chisolm v. McManimon, 275 F.3d 315, 322 (3d Cir. 2001) (noting that Eleventh Amendment immunity protections "do not extend to counties" unless the state is determined to be the "real party-in-interest").  Nevertheless,

---

[3] Contrary to Mickell's contention, the District Court was authorized to screen the complaint prior to service of process.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

3

we need not decide if LCCCA is an "arm of the state" because the complaint is otherwise subject to dismissal as frivolous as it lacks an arguable basis in fact. See Neitzke, 490 U.S. at 325.

The thrust of Mickell's complaint is that his court costs and fines were vacated, and therefore LCCCA's attempts to collect the fees must be the product of fraud. Specifically, the complaint alleges that a judge vacated Mickell's fines/costs "as credit for time served and the information [was] put in [the judge's] non-archived, and court reported to a disposal log, as non-permanent for one year, then destroyed, purs[u]ant to 201 Pa. Code. Chapter 40." It further alleges that the fact that Mickell did not make any payments on the fines/costs from 1998 (when he was released from prison) to 2020, and yet no bench warrant has been issued for his arrest, is evidence that he did not owe any more fines/costs. These factual allegations – that a judge vacated Mickell's criminal costs and fees for "time served," but did not officially record that judgment except in a "disposal log," and that all evidence of the judgment was destroyed after one year – are simply unbelievable. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."). Indeed, we take judicial notice of the Court of Common Pleas of Lycoming County criminal docket which belies Mickell's claim that his costs and fees have been vacated. Cf. id. (noting that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"). Therefore, the allegations against LCCCA are "clearly baseless" and

4

the complaint was properly dismissed as frivolous pursuant to § 1915(e)(2)(b)(i).

Neitzke, 490 U.S. at 327.  Further, because amendment of the complaint would be futile,

dismissal of Mickell's complaint with prejudice was appropriate.  See Connelly v. Steel

Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013).[4]

Based on the foregoing, Mickell's challenge to the District Court's order does not

present a substantial question.  We will therefore summarily affirm the District Court's

order.[5]

---

[4] Having concluded that Mickell failed to state any federal claims for relief, the District Court did not abuse its discretion in implicitly declining to exercise supplemental jurisdiction over any remaining claims.  See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009).

[5] Mickell's motion for injunctive relief is denied.